UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

UNITED STATES OF AMERICA      Criminal Number: 9:12-637

v.

**DISCLOSURE ORDER**

HENRY WALLACE
    a/k/a "Ed"
SAM ELLIOTT LANGFORD
DAVID HEAPE HARRIOTT
JASON HEAPE HARRIOTT
JEREMY HEAPE HARRIOTT
LEON EDWARD HUDSON, JR.
STEVEN LEONARD PARKER
KATHERINE MARIE SWIATOCHA
MC WILLIAMS
DONTA MIKEL WILLIAMS
    a/k/a "Boss"
ANTHONY JARVIS KING
    a/k/a "AJ"
CARSON REED LEWIN
KIMBERLY FILBERT
FRANKLIN BABECKI
DESIREE CONSTANTINEAU
DUSTIN SLOWIK
RANDALL SMITH
HUNTER COATES

This Order will govern grand jury discovery materials produced by the United States, whether pursuant to a provision of the Federal Rules of Criminal Procedure, a statute or the Discovery Policy of the United States Attorney's Office. The matters to be disclosed are to be determined in the first instance by the United States, subject to any further orders by the Court compelling additional discovery.

The United States has represented that disclosure of grand jury matters and other

materials is necessary in order to permit the parties to engage in meaningful plea negotiations and trial preparation, and further that the matters sought to be disclosed are those which otherwise may be subsequently provided to the defendant and counsel pursuant to Title 18, United States Code, Section 3500, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure. It appears to the Court that the need for grand jury secrecy is diminished since it is likely these matters will be disclosed by law to the defendant and counsel in the future, and further that the disclosure at this time may promote judicial economy and efficiency. Thus, the Court finds these representations are sufficient to establish good cause and a particularized need for the disclosures requested by the United States. *See In Re Grand Jury Proceedings*, 800 F.2d 1293 (4th Cir. 1986).

The United States also intends to disclose to potential government trial witnesses and their attorneys the transcripts of those witnesses' own testimony before the grand jury and other information obtained by or on behalf of the grand jury which may be relevant to that testimony. The United States represents that such disclosure is necessary in order to effectively and adequately prepare these witnesses for testifying at trial, and further that such disclosure is fair and in the interests of justice since these transcripts and other information would otherwise be made available to counsel for the defendant, pursuant to Title 18, United States Code, Section 3500, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, for the purpose of cross-examining these witnesses at trial. Since these disclosures involve the witnesses' own testimony which will otherwise be disclosed at trial,

the Court finds that the need for secrecy is diminished and that these representations are sufficient to establish a particularized need for the disclosures requested by the United States. *See In Re Grand Jury Proceedings,* 800 F.2d at 1302. Accordingly, pursuant to Rules 6(e)(3)(E)(i) and 16(d)(1) of the Federal Rules of Criminal Procedure,

IT IS HEREBY ORDERED that the United States is authorized to disclose to the defendant and the defendant's counsel the grand jury testimony of potential witnesses in this case, other information obtained by or on behalf of the grand jury, and any other material deemed by the United States to be appropriate for production as discovery material; it is further

ORDERED that the United States is authorized to disclose to potential government trial witnesses transcripts of those witnesses' own testimony before the grand jury and any other related information or materials obtained by the United States or by or on behalf of the grand jury; provided, however, that government counsel may not release copies of such transcripts or other grand jury matters into the custody of such witnesses or their counsel; it is further

ORDERED that the United States shall clearly identify any grand jury material as such and shall maintain a record of the grand jury matters so disclosed; it is further

ORDERED that any grand jury material provided in discovery shall remain in the custody and control of defense counsel absent further order of this court. Counsel may allow the defendant to review the grand jury material, but this material shall not be released to the

custody of the defendant and counsel shall safeguard against the release of this material; it is further

ORDERED that the United States Attorney is authorized to disclose copies of the any such discovery materials to the United States Probation Office in connection with the preparation of presentence investigation reports concerning the defendant[s] charged in this case. Except for disclosure to the Court, each probation officer shall not further disclose the copies of grand jury transcripts or documents that they receive, and shall destroy or return all copies of grand jury transcripts and/or documents to the United States Attorney immediately upon the conclusion of the sentencing process; and it is further

ORDERED that within 15 days of the final resolution of this case, all matters disclosed pursuant to this order are to be destroyed or returned to the United States.

IT IS SO ORDERED.

SOL BLATT, JR.
Senior United States District Judge

Charleston, South Carolina
10/2/12